# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| 1.  BRIDGET SQUARE, | |
| Plaintiff, | |
| v. | Case No. CIV-22-554-J |
| 1.  FOXWORTH-GALBRAITH LUMBER COMPANY, | |
| Defendant. | JURY TRIAL DEMANDED<br>ATTORNEYS LIEN CLAIMED |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## FOXWORTH-GALBRAITH LUMBER COMPANY TO COMPLAINT

Defendant Foxworth-Galbraith Lumber Company ("Defendant") by and through its undersigned counsel, respectfully submits its Answer and Affirmative Defenses in response to the Complaint [Dkt. No. 1] filed by Plaintiff Bridget Square ("Plaintiff"). Defendant denies each and every allegation in the Complaint except for those allegations that are specifically admitted herein.  Defendant further states as follows:

### The Parties

1.      Regarding the allegations in Paragraph 1 of the Complaint, Defendant admits that Plaintiff is an adult Black woman.  Defendant lacks sufficient information or knowledge as to whether Plaintiff currently resides in Oklahoma County, Oklahoma and, therefore, denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.      Regarding the allegations in Paragraph 2, Defendant admits it is a foreign for-profit business entity that conducts business in Oklahoma County, Oklahoma.

3.      Defendant admits Plaintiff was previously employed by Defendant.

### Jurisdiction & Venue

4.      Regarding the allegations in Paragraph 4 of the Complaint, the allegations do not contain any averments of fact to which a response is required.  To the extent that a response is required, Defendant denies all allegations contained in Paragraph 4 of the Complaint.

5.      Regarding the allegations in Paragraph 5 of the Complaint, Defendant admits that the United States District Court for the Western District of Oklahoma has federal question jurisdiction over the claims in this case.

6.      Regarding the allegations in Paragraph 6 of the Complaint, Defendant admits venue is proper in the United States District Court for the Western District of Oklahoma.

7.      Regarding the allegations in Paragraph 7 of the Complaint, Defendant admits its conducts business in Oklahoma County and that Oklahoma County is in the judicial district for the United States District Court for the Western District of Oklahoma.  All remaining allegations are denied.

### Exhaustion of Administrative Remedies

8.      Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 8 of the Complaint and, therefore, those allegations are denied.

9.      Upon information and belief, Defendant admits Plaintiff filed EEOC Charge No. 564-2021-01745.

10.     Upon information and belief, Defendant admits the EEOC issued a notice of right to sue dated April 1, 2022.

11.     Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 11 of the Complaint and, therefore, those allegations are denied.

## Statement of the Claim

12.     Defendant admits it employed Plaintiff from on or about March 16, 2020 until October 8, 2021 as an Administrative Specialist.

13.     Defendant admits the allegations in Paragraph 13 of the Complaint.

14.     Defendant admits the decision to hire Plaintiff was made by Ian Galbraith, Regional Vice President.  Defendant denies any remaining allegations in Paragraph 14 of the Complaint.

15.     Defendant admits Plaintiff is a Black woman.  Defendant is without sufficient knowledge or information to admit or deny whether Plaintiff suffered from the conditions listed in Paragraph 15 and, therefore, those allegations are denied.

16.     Defendant admits Plaintiff was the only Black employee at the OK Region 97 location.

17.     Defendant denies the allegations in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations in Paragraph 18 of the Complaint.

19.     Defendant admits Melissa Stubbs is a white female.  Defendant denies Ms. Stubbs became Plaintiff's supervisor in or around March 2021.

20.     Defendant denies the allegations in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations in Paragraph 21 of the Complaint.

22.     Defendant denies Plaintiff was disabled as defined by the ADA.  Defendant also denies Stubbs had knowledge of alleged conditions suffered by Plaintiff, if any, and further denies the remaining allegations in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant denies Stubbs discriminated against or harassed Square due to her race.  Defendant is without sufficient knowledge or information to admit or deny whether "a co-worker told Square that Stubbs's behavior looked like it was because of Square's race" and, therefore, those allegations are denied.  Any remaining allegations in Paragraph 24 of the Complaint are denied.

25.     Defendant denies Plaintiff made a complaint to Mr. Galbraith concerning any alleged unlawful or discriminatory conduct by Ms. Stubbs.  Defendant further states that Plaintiff never made any formal complaints to Mr. Galbraith or the Human Resources Department concerning any work issues.  Plaintiff had made comments to Mr. Galbraith that Ms. Stubbs was not helpful or was not training Plaintiff.  Any remaining allegations in Paragraph 25 are denied.

26.     Defendant denies Plaintiff made a complaint to Mr. Galbraith concerning any alleged unlawful or discriminatory conduct by Ms. Stubbs and further denies that Plaintiff was discriminated against or harassed.  All remaining allegations in Paragraph 26 of the Complaint are denied.

27.     Defendant denies Plaintiff made a complaint to Mr. Galbraith concerning any alleged unlawful or discriminatory conduct by Ms. Stubbs and further denies that Plaintiff

was discriminated against or harassed.  All remaining allegations in Paragraph 27 of the Complaint are denied.

28.     Defendant denies Plaintiff made a complaint to Mr. Galbraith concerning any alleged unlawful or discriminatory conduct by Ms. Stubbs and further denies that Plaintiff was discriminated against or harassed.  All remaining allegations in Paragraph 28 of the Complaint are denied.

29.     Defendant admits in or around August of 2021, Plaintiff declared in a meeting with Mr. Galbraith and Ms. Stubbs that she refused to report to Ms. Stubbs because "she is mean."  All remaining allegations are denied.

30.     Defendant denies there was a meeting held on August 25, 2021 between Mr. Galbraith, Ms. Stubbs and Plaintiff.  Defendant further states after Plaintiff made her allegation that Ms. Stubbs was "mean," Defendant initiated a prompt investigation.  During this investigation, Plaintiff was interviewed by Amy Andrews, Director of Human Resources, on August 27, 2021.  During Defendant's investigation, Plaintiff never raised any concerns regarding alleged unlawful discrimination or harassment.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint.

32.     Defendant denies the purpose of the September 16, 2021 meetings were to discuss Ms. Stubbs racial and discriminatory behavior toward Plaintiff.  Defendant admits Ms. Andrews first met with Plaintiff alone on September 16, 2021 to explain that Ms. Andrews, Ms. Stubbs and Carin Brock, General Counsel and Vice President of Corporate Administration, had coordinated to provide Plaintiff additional training and developed a plan to work through various communications issues Plaintiff and Ms. Stubbs were

5

experiencing. During this one on one meeting, Plaintiff communicated for the first time her alleged feeling that her issue with Ms. Stubbs was a "racial thing."  Defendant admits, subsequently, on September 16, 2021, Ms. Andrews, Ms. Brock, Plaintiff and Ms. Stubbs met together to discuss the goals and plan for the Credit Department.  All remaining allegations in Paragraph 32 are denied.

33.    Defendant admits Plaintiff emailed Ms. Andrews on September 21, 2021 stating, "I am feeling things are very racial" and "I am still being treating like I am her slave." The remaining allegations in Paragraph 33 are denied.

34.    Defendant admits Ms. Andrews responded on September 22, 2021 via email stating: "Your original complaint outlined a relationship and personality conflict with [Ms. Stubbs].  During my investigation, I met with you, [Ms. Stubbs] and other FG Associates. I found no evidence that the conflict between you and [Ms. Stubbs] is racial in nature."  All remaining allegations in Paragraph 34 are denied.

35.    Defendant admits Plaintiff responded on September 22, 2021 via email and acknowledged her original complaint did not raise any discrimination concerns.  Defendant denies Plaintiff's September 22, 2021 email gave "more examples of Stubbs's pervasive and harassing behavior, which were only directed towards her[.]"   All remaining allegations in Paragraph 35 are denied.

36.    Defendant admits Ms. Andrews stated in her September 22, 20221 email response, "If you have further detailed information to provide, please feel free to email me."  Defendant denies the remaining allegations in Paragraph 36 of the Complaint.

37.     Defendant admits Plaintiff's employment was terminated on October 8, 2021.  All remaining allegations are denied.

38.     Defendant denies the allegations in Paragraph 38 of the Complaint.

39.     Defendant admits Plaintiff met the minimum qualifications for the position she held.  Defendant denies Plaintiff was adequately performing her job duties and further denies the allegations in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations in Paragraph 40 of the Complaint.

## Disability Discrimination:  Americans with Disabilities Act

*Defendant incorporates its prior responses to prior allegations by reference.*

41.     Regarding the allegations in Paragraph 41 of the Complaint, the allegations do not contain any averments of fact to which a response is required.  To the extent a response is required, Defendant denies all allegations in Paragraph 41 of the Complaint. Defendant at all times met or exceeded duties, if any, that it may have arising under the Americans with Disabilities Act with respect to Plaintiff. Further, Defendant at all times acted in good faith and with a reasonable belief that it was acting in conformity with the Americans with Disabilities Act.

42.     Defendant admits that it employed more than fifteen employees during the current and preceding calendar year and Defendant is a covered employer under the ADA. Defendant denies any additional allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     Defendant denies the allegations in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations in Paragraph 44 of the Complaint.

7

45.     Defendant admits Plaintiff met the minimum qualifications for the position she held.  Defendant denies Plaintiff was adequately performing her job duties and further denies the allegations in Paragraph 45 of the Complaint.

46.     Defendant denies that Plaintiff had a disability as defined by the ADA and further denies that Plaintiff requested a reasonable accommodation.  Defendant is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 46 of the Complaint and, therefore, those allegations are denied.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint. Defendant at all times met or exceeded duties, if any, that it may have arising under the Americans with Disabilities Act with respect to Plaintiff. Further, Defendant at all times acted in good faith and with a reasonable belief that it was acting in conformity with the Americans with Disabilities Act.  All actions taken regarding Plaintiff were taken in good faith and for legitimate non-discriminatory and non-retaliatory business reasons.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint. Defendant further denies that Plaintiff is entitled to any relief whatsoever, including all such relief requested in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations in Paragraph 49 of the Complaint. Defendant further denies that Plaintiff is entitled to any relief whatsoever, including all such relief requested in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations in Paragraph 50 of the Complaint. Defendant further denies that Plaintiff is entitled to any relief whatsoever, including all such relief requested in Paragraph 50 of the Complaint.  Defendant asserts all actions taken

8

regarding Plaintiff were taken in good faith and for legitimate non-discriminatory and non-retaliatory business reasons.

51.     Paragraph 51 of the Complaint does not contain any averments of fact and, therefore, no response is required.  To the extent a response is required, Defendant denies Plaintiff is entitled to any relief whatsoever, including all such relief requested in Paragraph 51 of the Complaint.

## Race Discrimination, Harassment, and Retaliation

*Defendant incorporates its prior responses to prior allegations by reference.*

52.     Regarding the allegations in Paragraph 52 of the Complaint, the allegations do not contain any averments of fact to which a response is required.  To the extent a response is required, Defendant denies all allegations in Paragraph 52 of the Complaint. Defendant at all times met or exceeded duties, if any, that it may have arising under the Title VII and/or Section 1981 with respect to Plaintiff.  Further, Defendant at all times acted in good faith and with a reasonable belief that it was acting in conformity with the Title VII and/or Section 1981.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint. Defendant at all times met or exceeded duties, if any, that it may have arising under the Title VII and/or Section 1981 with respect to Plaintiff.  Further, Defendant at all times acted in good faith and with a reasonable belief that it was acting in conformity with the Title VII and/or Section 1981.  All actions taken regarding Plaintiff were taken in good faith and for legitimate non-discriminatory and non-retaliatory business reasons.

54.     Defendant denies the allegations in Paragraph 54 of the Complaint. Defendant at all times met or exceeded duties, if any, that it may have arising under the Title VII and/or Section 1981 with respect to Plaintiff.  Further, Defendant at all times acted in good faith and with a reasonable belief that it was acting in conformity with the Title VII and/or Section 1981.  All actions taken regarding Plaintiff were taken in good faith and for legitimate non-discriminatory and non-retaliatory business reasons.

55.     Defendant denies the allegations in Paragraph 55 of the Complaint. Defendant at all times met or exceeded duties, if any, that it may have arising under the Title VII and/or Section 1981 with respect to Plaintiff.  Further, Defendant at all times acted in good faith and with a reasonable belief that it was acting in conformity with the Title VII and/or Section 1981.  All actions taken regarding Plaintiff were taken in good faith and for legitimate non-discriminatory and non-retaliatory business reasons.

56.     Defendant denies the allegations in Paragraph 56 of the Complaint. Defendant at all times met or exceeded duties, if any, that it may have arising under the Title VII and/or Section 1981 with respect to Plaintiff.  Further, Defendant at all times acted in good faith and with a reasonable belief that it was acting in conformity with the Title VII and/or Section 1981.  All actions taken regarding Plaintiff were taken in good faith and for legitimate non-discriminatory and non-retaliatory business reasons.

57.     Defendant denies the allegations in Paragraph 57 of the Complaint. Defendant further denies that Plaintiff is entitled to any relief whatsoever, including all such relief requested in Paragraph 57 of the Complaint.

58.     Defendant denies the allegations in Paragraph 58 of the Complaint. Defendant further denies that Plaintiff is entitled to any relief whatsoever, including all such relief requested in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations in Paragraph 59 of the Complaint. Defendant further denies that Plaintiff is entitled to any relief whatsoever, including all such relief requested in Paragraph 59 of the Complaint.  Defendant asserts all actions taken regarding Plaintiff were taken in good faith and for legitimate non-discriminatory and non-retaliatory business reasons.

60.     Defendant denies the allegations in Paragraph 60 of the Complaint. Defendant further denies that Plaintiff is entitled to any relief whatsoever, including all such relief requested in Paragraph 60 of the Complaint, as well as all relief requested in the "WHEREFORE" Prayer Paragraph of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant incorporates herein by reference the above stated facts plead by Defendant in support of these affirmative and other defenses.  Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant asserts the following affirmative and other defenses:

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Plaintiff failed to allege race was the but-for cause of any employment decisions.

11

3.      Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.   Defendant has not yet obtained discovery from Plaintiff (including Plaintiff's deposition) to determine the totality of the claims that she asserts herein and whether such claims were timely filed with the EEOC.  Such matters are within Plaintiff's control and will become known during discovery.

4.      Plaintiff may have failed, in whole or in part, to exhaust her administrative remedies as to any claims, subject to the jurisdiction of the EEOC.  Defendant has not yet obtained discovery from Plaintiff (including Plaintiff's deposition) to determine the totality of the claims that she asserts herein and whether such claims were submitted to the EEOC in advance of this litigation as required.  Such matters are within Plaintiff's control and will become known during discovery.

5.      Plaintiff may have failed to mitigate her alleged damages, may have failed to take reasonable action to avoid damages, and may not be entitled to some or all of the relief demanded.  Plaintiff has not yet provided Defendant with a calculation of alleged damages and Defendant has not yet obtained discovery from Plaintiff (including Plaintiff's deposition) to determine what efforts Plaintiff made to find other employment.  Facts pertaining to Plaintiff's efforts to mitigate her damages are within Plaintiff's control and will become known during discovery.

6.      Defendant has not engaged in any conduct that would justify the imposition of punitive and/or liquidated damages.  Defendant's actions, if any, were taken in good faith and Defendant had reasonable grounds to believe that its actions were not in violations of the laws alleged.  In the absence of clear and convincing evidence of ill will, spite,

malice, willful and wanton conduct, any award of punitive and/or liquidated damages would violate the Constitution of the United States.

7.      Although its conduct towards Plaintiff did not constitute a violation of any laws and was not wrongful, regardless of the veracity of Plaintiff's allegations, Defendant would have made the same decisions regarding Plaintiff in the absence of the alleged illegal discrimination and retaliation.

8.      An award of compensatory or punitive damages, if any, is subject to the limitations of 42 U.S.C. § 1981a and other applicable laws.

9.      Any damages suffered by Plaintiff are a proximate result of her own conduct and in no way were caused by or otherwise attributable to Defendant.  Accordingly, any such damages should either be denied completely, or apportioned according to the evidence.

10.     Non-harassment policies and procedures were adequately and reasonably disseminated and enforced by Defendant, and Plaintiff's claims are barred to the extent she failed to properly follow procedures for reporting alleged harassment and/or to the extent prompt, appropriate, and effective action was taken to prevent or correct any such harassment following notification thereof.

Dated:  October 19, 2022

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

*s/ Elaine R. Turner*

By:    Elaine R. Turner, OBA #13082
Carson G. Lamle, OBA #32783
100 North Broadway, Suite 2900
Oklahoma City, OK  73102-8865
Telephone:  (405) 553-2828
Facsimile:  (405) 553-2855
Email:  eturner@hallestill.com
Email:  clamle@hallestill.com
**ATTORNEYS FOR DEFENDANT FOXWORTH-GALBRAITH LUMBER COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the Following ECF registrants:

Joshua Stockton
Matthew Shelton
**STOCKTON TALBERT, PLLC**
1127 NW 14th Street
Oklahoma City, OK 73106
Telephone: (405) 225-1200

*s/ Elaine R. Turner*
Elaine R. Turner

2690354.1:008430.00003